IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No. 07-cr-00493-LTB

UNITED STATES OF AMERICA

    Plaintiff,
v.

1. JOSE RAMIREZ,

    Defendant.

___

# ORDER
___

### 1.

This case is before me on Defendant/Petitioner Jose Ramirez's motion for post-conviction relief under 28 U.S.C. § 2255. (ECF No. 54.) Mr. Ramirez contends that his conviction and sentence for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g) was predicated on constructive possession. According to Mr. Ramirez, the Tenth Circuit's decision *United States v. Little*, 829 F.3d 1177 (10th Cir. 2016), which narrowed the definition of constructive possession by requiring the "power and intent to exercise control over the object," should apply retroactively to his case. Under the new definition, Mr. Ramirez argues he is not guilty of constructive possession of a firearm.

I conclude that Mr. Ramirez's claim for relief is within the scope of the appellate waiver he knowingly and voluntarily agreed to when he pleaded guilty. I further conclude that enforcing the waiver would not result in a miscarriage of justice. I accordingly DENY the petition. (ECF No. 54.)

I. BACKGROUND

In 2007, Mr. Ramirez sold an undercover officer about two ounces of methamphetamine for $3,000 cash. (ECF No. 8 at 35.) Agents searched Mr. Ramirez's house and found one kilogram of cocaine, eleven ounces of methamphetamine, and two handguns. (*Id.*) At the time of the search, Mr. Ramirez was a convicted felon.

Mr. Ramirez was charged with six felony counts, and as part of a plea agreement, he pleaded guilty to two of them: count three, distribution and possession with intent to distribute more than 50 grams of a methamphetamine mixture in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and count five, possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g). (ECF No. 35 ¶ 1.) Mr. Ramirez also waived his rights to directly appeal his sentence or attack it collaterally, with some narrow exceptions. (*Id.* ¶¶ 8-9.) In exchange for the plea and waiver, the government dismissed the remaining counts. (*Id.* ¶ 3.)

I sentenced Mr. Ramirez to 135 months on count three and 120 months on count five, to be served concurrently, followed by 48 months of supervised release. (ECF No. 48.) Mr. Ramirez did not file a direct appeal.

He now brings a motion for post-conviction relief under 28 U.S.C. § 2255 based on the Tenth Circuit's decision in *United States v. Little*, 829 F.3d 1177 (10th Cir. 2016). In *Little*, the court considered the evidence required for a conviction for possession of a firearm under 18 U.S.C. § 922 in light of the Supreme Court's decision in *Henderson v. United States*, 135 S. Ct. 1780 (2015). First, the court

explained that a conviction for possession of a firearm under 18 U.S.C. § 922 can be premised on actual or constructive possession.  *Little*, 829 F.3d at 1181.  Next, the court recognized that its prior case law did not require evidence "that the defendant intended to exercise . . . dominion or control" over a gun to prove constructive possession.  *Id.*  Finally, the court recognized that this interpretation was inconsistent with the Supreme Court's decision in *Henderson*, where the Court held that "[c]onstructive possession is established when a person, though lacking physical custody, still has the power and intent to exercise control over the object." *Id.* at 1182 (quoting *Henderson*, 135 S. Ct. at 1784).  In light of *Henderson,* the Tenth Circuit held that "constructive possession exists when a person not in actual possession knowingly has the power and intent at a given time to exercise dominion or control over an object" and overruled its prior precedent to the contrary.  *Id.*

Mr. Ramirez argues that under *Little* and *Henderson*, the government cannot prove constructive possession.  When agents executed the search warrant at his home, he had fled the country.  According to Mr. Ramirez, he thus did not have the "power and intent" to exercise dominion and control of the gun at the relevant time. He therefore asks this Court to grant him relief under § 2255.

## II. ANALYSIS

I conclude that Mr. Ramirez knowingly and voluntarily waived his right to raise the claim he brings now, and enforcing the waiver would not result in a miscarriage of justice. In light of this determination, I do not reach the merits of his argument regarding the retroactive application of *Little* or the Government's alternative arguments in support of dismissing the petition.

When a defendant waives his right to bring a post-conviction collateral attack in his plea agreement and later brings a § 2255 petition, the court must determine "(1) whether the disputed claim falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)) (alterations omitted).

### A. Scope

Mr. Ramirez's claim for relief falls squarely within the scope of his waiver. He explicitly waived his right to bring a § 2255 petition except in three limited circumstances:

> The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Codes, Section 225. This wavier provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute; (2) there is a claim that the defendant was denied the effective

4

> assistance of counsel; or (3) there is a claim of prosecutorial misconduct.

(EFF No. 35 ¶ 9.) Mr. Ramirez does not argue any of these exceptions apply, and with good reason. His claim is obviously not a one of prosecutorial misconduct or ineffective assistance of counsel, and he concedes that *Little* is not explicitly retroactive. (ECF No. 57 ¶ 5.)

B.  Knowing and Voluntary Waiver of Rights

Mr. Ramirez does not argue his waiver was not knowing and voluntary, and it is his burden to prove it was not. *Hahn*, 359 F.3d at 1329. Moreover, nothing in the record suggests Mr. Ramirez did not understand the waiver; it is described in the plea agreement he signed (ECF No. 35 ¶ 9), and I reviewed the plea agreement with him during the plea colloquy (ECF No. 34).

C.  Miscarriage of Justice

Mr. Ramirez argues he should be allowed to bring this § 2255 petition despite his waiver to avoid a miscarriage of justice. A miscarriage of justice through enforcement of a waiver occurs only in one of four situations: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." *Viera*, 674 F.3d at 1219 (alterations omitted). Mr. Ramirez does not explain how any of these situations even arguably applies here, even though it is his burden to prove they do. *Id.*

5

Instead, he argues that the *Little* decision should be applied retroactively simply because it changed the law. That argument ignores the plain language in *Viera*, which explicitly limits the miscarriage-of-justice exception to "only" the four situations described above. *Id.* Because those situations do not apply, enforcing the waiver would not result in a miscarriage of justice.

### III. CONCLUSION

Mr. Ramirez knowingly and voluntarily entered into a plea agreement that waived his right to bring the claim he brings today. Enforcing it would not result in a miscarriage of justice. I thus DENY his petition for relief under § 2255 (ECF No. 54) based on the wavier.

Dated: September __12__, 2017 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK